**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SIMONE T. TASSONE,** | : | |
| **Plaintiff,** | : | |
| **v.** | : | **C. A. No. 03-481ML** |
| **PROVIDENCE SCHOOL COMMITTEE,** | : | |
| **Defendant.** | : | |

**DEFENDANTS' OJECTION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants in the above-referenced case hereby object to Plaintiff's Motion to Compel and object to such request for production. In support of this Objection, counsel for the Defendants relies upon the accompanying memorandum. Defendants seek a hearing with oral argument on this matter at the Court's earliest convenience.

DEFENDANTS,
PROVIDENCE SCHOOL BOARD AND CITY OF PROVIDENCE

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Sara A. Rapport (No. 6614)
Senior Assistant City Solicitor
City of Providence Law Department
275 Westminster Street
Providence, RI 02903
(401) 421-7740 Ext. 333
Fax (401) 351-7596

**CERTIFICATION**

I hereby certify that on this 21st day of July 2005, I mailed a copy of the foregoing on opposing counsel: Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **SIMONE T. TASSONE,** | |
| **Plaintiff,** | |
| **v.** | **C. A. No. 03-481ML** |
| **PROVIDENCE SCHOOL COMMITTEE,** | |
| **Defendant.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO COMPEL**

**Facts**

(1) Plaintiff served this Complaint on 11 February 2004. Defendants answered on 27 February 2004.

(2) On or about 21 May 2004, Defendants provided to Plaintiff disclosures and discovery pursuant to Federal Rule of Civil Procedure 26.

(3) On 28 June 2004, Plaintiff served her First Request for Production of Documents and her First Set of Interrogatories. There were eighteen (18) document requests and twenty-one (21) interrogatories.

(4) On 9 September 2004, Defendants served their Responses and Answers to the above discovery requests.

(5) In response to Motions by Plaintiff alleging that Defendants' answers and responses were insufficiently responsive, Defendants provided Further Answers

(6) to Plaintiff's Interrogatories (on 6 October 2004), Third Answers to Plaintiff's

Interrogatories (on 22 November 2004), and a Third Response to Plaintiff's Request for Production of Documents (on 22 November 2004).

(7) On 29 December 2004, the Plaintiff filed a Motion for Conditional Order of Default and Attorneys' Fees.

(8) On 14 January 2005, Magistrate Judge Martin issued an Order on Such Motion, denying such Motion but allowing a limited supplemental response by Defendants to Plaintiff.

(9) On 9 February 2005, Defendants provided that Supplemental Response.

(10) On 16 February 2005, Plaintiff served on Defendants a Second Request for Documents to Defendants and a Second Set of Interrogatories to Defendants. There were nine (9) document requests and one interrogatory which eight (8) substantive subparts, asking three (3) separate questions about each of 8 individuals other than the Plaintiff associated with or employed by the School Department.

(11) On 4 March 2004, Defendants responded to the Second Request for Production of Documents and provided Answers to the Second Set of Interrogatories.

(12) The discovery deadline as of this time was 1 April 2004. The parties submitted a joint request for an extension of the discovery deadline to 1 July 2005.

(13) On 23 May 2005, counsel for Plaintiff issued a notice for (8) depositions to take place in June 2005. Defendants also had yet to complete the deposition of the Plaintiff, which had been cut short on 2 December 2004 after fewer than 4 hours of questions to accommodate the Plaintiff, and which had to be cancelled for the

second session because Plaintiff was not able to make such scheduled deposition.

(14) Counsel for Defendants was not able to accommodate the dates selected, because she was: (a) preparing for federal trial in case of Vargas v. Providence School Department; (b) out of town and court-excused to attend a work-related conference in Washington D.C.; and (c) needed to attend to various matters affecting the School Department as the budget cycle for fiscal year 2005 ended and the budget proposals for fiscal year 2006 were presented to the City Council's Finance Committee.

(15) Hence, counsel for Defendants requested an extension of the discovery deadline until 1 September 2005.

(16) Defendants now seek to respond to the Plaintiff's Third Request for Production of Documents, served on Defendants by facsimile on 20 May 2005.

(17) This Third Request is comprised of seventy-nine (79) individual requests. A copy of this document is attached hereto as Exhibit A.

**Basis for Objection**

(18) The Defendants object to this Request in its entirety on the following grounds:

a. these 79 requests are overly broad, unreasonably cumulative or duplicative, or in some instances obtainable from some other source that is more convenient, less burdensome, or less expensive, and not reasonably calculated to lead to the discovery of admissible evidence;

b. the Plaintiff has had ample opportunity by discovery in the action to obtain the information sought; and

c. the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

See Fed. R. Civ. P. 26(b)(1) & (2)..

DEFENDANTS,
PROVIDENCE SCHOOL BOARD AND CITY OF PROVIDENCE

By their Attorney,

JOSEPH M. FERNANDEZ
CITY SOLICITOR

Sara A. Rapport (No. 6614)
Senior Assistant City Solicitor
City of Providence Law Department
275 Westminster Street
Providence, RI 02903
(401) 421-7740 Ext. 333
Fax (401) 351-7596

**CERTIFICATION**

I hereby certify that on this 21st day of July 2005, I mailed a copy of the foregoing on opposing counsel: Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903

Sara A. Rapport

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMONE T. TASSONE,

Plaintiff,

v. C. A. No. 03-481ML

PROVIDENCE SCHOOL COMMITTEE,

Defendant.

PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

Plaintiff incorporates by reference the Sections entitled "Instructions for Answering" and "Definitions" set forth in "Plaintiff's First Request for Production of Documents to Defendants" previously served on defendants.

DOCUMENT REQUESTS

1. For the period 1993 to the present time, any and all documents which reflect the manner in which students (including behavioral and/or potentially dangerous or violent ones) could be removed from the classroom of a teacher including a special-education teacher.. Your response should include, but not be limited to, all documents which reflect the procedure to be followed and any and all documents which reflect the circumstances under which this could happen.

2. For the period 1993 to the present time, any and all documents which reflect that having a child (including behavioral and/or potentially dangerous or violent ones) removed from a special-education classroom would be an unreasonable request by a teacher (including a special-education one) and/or an undue hardship.

3. For the period 1993 to the present time, any and all documents which relate to the removal of students from a classroom at Bridgham because of disciplinary problems, violent tendencies, disruptive behavior, and/or because of being dangerous. Your response should



EXHIBIT "A"

include, but not be limited to, any requests by teachers, any responses to requests by teachers, any documents reflecting the removal of students, and/or any grievances relating to complaints about having a student removed.

4. For the period 1993 to the present time, any and all documents which reflect the identity (by name, current and/or last known home and business address) of all employees who have requested an accommodation on account of a disability or an alleged disability.

5. For the period 1993 to the present time, any and all documents which relate to requests for disability-related accommodations by employees.

6. For the period 1993 to the present time, any and all documents which relate to requests by teachers at Bridgham, or teachers being able, to leave school early: (i) on a consistent or regular basis, (ii) for at least a two month basis, (iii) because of inclement weather, (iv) because of personal reasons, and/or (iv) because of illness.

7. For the period 1993 to the present time, all documents which reflect the duties and responsibilities of special-education teachers. Your response should include, but not be limited to, documents reflecting which duties are essential.

8. For the period 1993 to the present time, any and all documents which support the contention that it was an essential part of plaintiff's job to teach dangerous and/or violent students and/or students who had therapeutic (or choke) holds in their IEPs.

9. For the period 1993 to the present time, any and all documents which support the contention that corridor duty was an essential function of plaintiff's job.

10. For the period 1993 to the present time, any and all documents which reflect the schedule of students assigned to special-education teachers at Bridgham. Your response should include, but not be limited to, documents which reflect the times when students moved from class to class and/or moved from floor to floor.

11. For the period 1993 to the present time, for each student who had a therapeutic (or choke) hold, any and all documents which reflect the special-education teachers to whom he or she was assigned.

12. For the period 1993 to the present time, any and all documents which reflect who has, or had, responsibility for sanding, plowing, clearing, and/or de-icing the parking lot and other surrounding areas near or outside of Bridgham. Your answer should include, but not be limited to, any contracts between defendants and any other party including Sodexho or Marriott, any and all documents which set forth or explain the authority which Bridgham administrators and/or principals had over the janitors and/or custodians.

13. For the period 1993 to the present time, any and all documents which reflect that it was, or would have been, impossible, unreasonable, and/or an undue hardship, for defendants to sand, clear and/or plow the parking lot and other surrounding areas near or outside Bridgham.

14. For the period 1993 to the present time, any and all documents which reflect the identity (by name and current or former last known business and home address) of all employees who had wheelchairs, scooters, had to walk with crutches, a cane, and/or had difficulty walking or standing.

15. For the period 1993 to the present time, any and all documents which reflect the decision-making regarding what classrooms teachers would be assigned to. Your response should include, but not be limited to, any and all documents which relate to why plaintiff's classroom had to be moved to the second floor in or around 1994.

16. For the years 1993 to the present time, any and all documents which reflect any changes in classrooms for teachers at Bridgham. Your response should include, but not be limited to, any requests by teachers to change classrooms and any responses to such requests.

17. For the period 1993 to the present time, any and all documents which support the contention that it was unreasonable for the designated handicapped parking spots at Bridgham to be moved and/or that it was an undue hardship to make such a move or change.

18. For the period 1993 to the present time, any and all documents relating to the fact that fire doors had to be closed at all times.

19. For the period 1993 to the present time, any and all documents which reflect fire code violations at any of defendants' schools including Bridgham.

20. For the period 1993 to the present time, any and all documents which reflect communications from defendants (or any of their agents or employees including any administrator, coordinator, supervisor, principal, and/or vice-principal) to employees at Bridgham regarding the Rehabilitation Act as it relates to employees, the Americans with Disabilities Act, the right, and how, what employees' rights were, how and where to request an accommodation, how to address concerns with outside agencies such as the Rhode Island Commission for Human Rights and/or the Equal Employment Opportunity Commissions and/or the procedure for addressing complaints of harassment of employees based on disability.

21. For the period 1993 to the present time, any and all documents which reflect, or relate to, complaints by employees about Lee and/or DiRuzzo.

22. For the period 1993 to the present time, any and all documents which reflect where teachers, who taught (or teach) students with mild and/or moderate disabilities, had their

classrooms.

23. For the period 1993 to the present time, any and all documents relating to any proposals or efforts to have special education students take some (or all) of their classes in regular education classes.

24. For the period 1993 to the present time, any and all communications to the office of the Superintendent for Administration and/or the Assistant Superintendent for Administration relating to any accommodations based upon disabilities from, to, or about employees.

25. For the period 1993 to the present time, any and all documents relating to training of defendants' employees in the area of discrimination and harassment based upon disability and/or training on how to deal with, or request, accommodations.

26. For the period 1993 to the present time, any and all documents regarding teachers leaving their classrooms during school hours including, but not limited to, the propriety of leaving students without a teacher or with a teaching assistant.

27. For the period 1993 to the present time, any and all documents which relate to requests by teachers to have certain periods free.

28. For the period 1993 to the present time, any and all documents which relate to how decisions were made about which periods Bridgham teachers would have free.

29. This request relates to the period <u>before</u> plaintiff was allowed to have the sixth period free. For that time period, any and all documents which reflect that allowing plaintiff to have the sixth period free on a regular basis was unreasonable and/or would have been an undue hardship.

30. For the period 1993 to the present time, any and all documents which reflect that teachers (including special education teachers) had to do coverage.

31. For the period 1993 to the present time, any and all documents reflecting requests by teachers that they be excused from doing coverage.

32. For the period 1993 to the present time, any and all documents reflecting that excusing plaintiff and/or other teachers from coverage would be unreasonable and/or an undue hardship.

33. This request relates to the period <u>after</u> plaintiff received the sixth period free. For that period, any and all documents which reflect that it would have been unreasonable and/or an undue hardship to allow plaintiff to leave early because of inclement weather.

34. This request relates to the period <u>before</u> plaintiff was given a teaching assistant of her

own. Any and all documents which reflect that it would have been unreasonable and/or an undue hardship for plaintiff to have a personal assistant and/or a teaching assistant who remained with her at all times.

35. For the period 1993 to the present time, any and all documents which relate to requests by teachers (at Bridgham and elsewhere) to have their own personal assistants and/or to have a teaching assistant who remained with him or her at all times.

36. For the period 1993 to the present time, any and all documents which relate to fire alarm procedures including, but not limited to, any communications to or from employees.

37. For the period 1993 to the present time, any and all documents which relate to complaints by teachers that their teaching assistants were being taken out of their classrooms or assigned to other classrooms, students and/or teachers.

38. For the period 1993 to the present time, any and all documents which reflect the cost of assigning plaintiff her own personal assistant.

39. For the period 1990 to the present time, any and all documents which reflect the identity (by name, position, and current and/or former home and business address) of all of defendants' employees (including teachers) who have disabilities.

40. For the period 1990 to the present time, any and all documents to, from or about employees in the possession of the Department of Human Resources which relate to disability issues.

41. Before the time when defendants had an Office of Equity & Access, any and all documents which reflect who or what department handled requests for accommodations and/or discrimination and/or harassment based upon disability.

42. This request relates to a memorandum produced by defendants which is dated November 13, 1998 from Gonzalez to principals and directors. Produce the "packet containing [the] ratified policies on civil rights" and the "attached notices" which are referenced in this document. Also, produce any and all documents which reflect any action taken by principals and directors in response to this memorandum.

43. This request also relates to a memorandum produced by defendants which is dated November 13, 1998 from Gonzalez to principals and directors. Produce any and all documents relating to the posting of such policies during the period 1990 to 1997.

44. This request relates to a memorandum produced by defendants dated December 9, 1998 from Gonzalez to all principals and directors. Produce the "harassment policy flier" referred in this document. Also, produce any and all documents which reflect any action taken by

principals and directors in response to this memorandum.

45. For the period 1990 to the present time, any and all documents which reflect or substantiate that defendants informed their employees (including plaintiff) about their rights under the Americans with Disabilities Act, the Rehabilitation Act, and/or their right, and how, to request accommodations based upon a disability.

46. For the period 1990 to the present time, any and all documents (including grievances) to, from or about teachers complaining about their classrooms needing repairs.

47. For the period 1990 to the present time, any and all documents (including grievances) to, from or about teachers complaining about the fact that their teaching assistants were being removed from their classes and/or that they were not being replaced when absent.

48. For the period 1990 to the present time, any and all documents which reflect communications between defendants (or any of their agents, employees and/or representatives) and any union and/or any union official, agent, and/or representative relating to plaintiff.

49. For the period 1990 to the present time, any and all documents which reflect communications between defendants (or any of their agents, employees and/or representatives) and any union and/or union official, agent, and/or representative which relate to persons with disabilities, requests for accommodations, and/or complaints by employees.

50. For the period 1990 to 2001, any and all documents which reflect efforts by defendants to find a personal assistant for plaintiff.

51. For the period 1990 to the present time, any and all documents which reflect that it would have been unreasonable and/or it would have been an undue hardship for plaintiff to have a key to any storage rooms at Bridgham.

52. For the period 1990 to the present time, any and all documents relating to efforts to install automatic door openers at any of defendants' schools including Bridgham.

53. For the period 1990 to the present time, any and all documents relating to the "504 Adult Accommodations Committee" and/or the "Disability Accommodations Committee" including, but not limited to, the formation or adoption of the Committee, the duties and responsibilities of the Committee including its members, and/or how decisions are made regarding requests for accommodations.

54. For the period 1990 to the present time, any and all documents to, from or about the Adult Accommodations Committee and/or the Disability Accommodations Committee which relate to requests for accommodations by any of defendants' employees including, but not limited to, the actual requests, any documents relating to meetings, any deliberations or decisions, and

any communications relating thereto.

55. Any and all documents relating to the issue of plaintiff's personal or teacher assistant working overtime.

56. Any and all documents which reflect that a request to have plaintiff's personal assistant work overtime was unreasonable and/or would be an undue hardship.

57. For the period 1993 to the present time, any and all documents which reflect what happens to students after they have committed a violent act at school. Your response should include, but not be limited to, any policies on removal or interim placement, procedures on removal or interim placement, guidelines on removal or interim placement and/or any documents relating to something called the interim school for children.

58. Any and all documents which relate to plaintiff having to have her classroom on the second floor and then being moved to the first floor.

59. For the period 1993 to the present time, any and all documents relating to employees not being able to access school buildings including, but not limited to, any and all documents relating to plaintiff or others not be able to attend any seminars, workshops and/or professional development sessions in about 2003, 2004 or 2005 because he or she could not get into the building and/or because the building was inaccessible.

60. For the period 2004-2005, any and all documents relating to workshops to be held on November 6 and November 13 which were initially not mandatory but which were subsequently designated as mandatory.

61. Any and all documents relating to holding workshops, seminars, and professional development sessions in accessible buildings.

62. Any and all documents which reflect the identity (by name, position and current and/or former home and business address) of all employees who claimed to have disabilities who have left the employ of defendants. Your response should include, but not be limited to, any documents relating to a female speech therapist who walked with a cane and who left the employ of defendants and/or who was not re-hired in about 2003-2004.

63. Any and all documents which reflect when plaintiff's personal assistant began working for plaintiff.

64. For the period 1993 to the present time, any and all documents which relate to employees having to make up coverage when they have been out of work for work-related injuries or other medical reasons.

65. Any and all documents which reflect the reason why Robert Cochran ceased working for defendants.

66. For the period 1990 to the present time, all documents relating to training sessions for defendants' administrators.

67. For the period 1990 to the present time, any and all administrative procedural manuals.

68. This request relates to page 41-2 of Robert Cochran's deposition. Produce any and all documents relating to the issue of the rotation list including, but not limited to, any grievances, any communications regarding this issue, and any decisions or resolutions.

69. This request relates to pages 53-60 of Robert Cochran's deposition. Produce any and all documents relating to the incident involving the woman from the SRO office including, but not limited to, any e-mails and any documents generated as a result of her complaint or e-mail.

70. This request relates to pages 92-94 of Robert Cochran's deposition. Produce any and all documents relating to any requests for additional keys referred to therein including, but not limited to, work orders.

71. This request relates to page 105 of Robert Cochran's deposition. Produce any and all documents relating to the removal of the student identified.

72. This request relates to a document dated September 2, 2002 from plaintiff to Glenda Guglielmo which was produced by (or to) defendants. Produce all documents relating to the contents of this letter including, but not limited to, what action was taken to remove Thomas Bartholomew, what prevented his removal from taking place earlier, where the student was placed, the pages of the IEP referred to, and any incident reports.

73. For the period 1990 to the present time, any and all policies, procedures and/or regulations for suspending students including those receiving special education services or having an IEP.

74. This request relates to page 117 of Robert Cochran's deposition. Produce all documents which relate to the action taken including "the student record of suspension, the referral to student resources, or the change in the student's IEP."

75. For the period 1993 to the present time, any and all communications between defendants (and/or any of their agents, employees and/or representatives) and the Rhode Island Department of Education, Office of Civil Rights, and/or United States Department of Education relating to discrimination based upon disability including, but not limited to, what must be posted, any violations, any investigations, any complaints, and/or any compliance issues.