UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMONNE T. TASSONE, :
Plaintiff, :
:
v. : CA 03-481ML
:
CITY OF PROVIDENCE, et al., :
Defendants. :

**ORDER DENYING**
**PLAINTIFF'S MOTION TO COMPEL**

Before the court is Plaintiff's Motion to Compel Defendant's [sic] Response to Plaintiff's Request for Production of Documents (Document ("Doc.") #48) ("Motion"). The court conducted a hearing on August 4, 2005. Except for Requests No. 7, 9, 12, 18, 30, 38, and 63, to which Defendants have agreed to respond, the Motion is DENIED.

Plaintiff's Third Request for Production of Documents to Defendants ("Third Request") consists of 79 separate requests which Plaintiff's counsel stated at the August 4, 2005, hearing she had reduced to 49 or 50. Even with this reduction, the Third Request is still unduly burdensome.[1]

---

[1] As examples of how overly broad and burdensome the requests are, the court reproduces below requests 3, 10, and 27:

> 3. For the period 1993 to the present time, any and all documents which relate to the removal of students from a classroom at Bridgham because of disciplinary problems, violent tendencies, disruptive behavior, and/or because of being dangerous. Your response should include, but not be limited to, any requests by teachers, any responses to requests by teachers, any documents reflecting the removal of students, and/or any grievances relating to complaints about having a student removed.
>
> 10. For the period 1993 to the present time, any and all documents which reflect the schedule of students assigned to special-education teachers at Bridgham. Your response should include, but not be limited to, documents which reflect

Accordingly, the court denies the Motion because: 1) the burden and/or expense to Defendants in responding to Plaintiff's Third Request outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the information sought by the Third Request; and 2) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is less burdensome, or less expensive. See Fed. R. Civ. P. 26(b)(2).

So ordered.[2]

---

> the times when students moved from class to class and/or moved from floor to floor.
>
> 27. For the period 1993 to the present time, any and all documents which relate to requests by teachers to have certain periods free.

Plaintiff's Third Request for Production of Documents to Defendants.

[2] Plaintiff may serve Defendants with a Fourth Request for Production of Documents ("Fourth Request"). The Fourth Request must have fewer individual requests and be narrower in scope than the Third Request so that the burden on Defendants in complying is substantially reduced.

Promptly upon receiving the Fourth Request, counsel for Defendants will notify Plaintiff's counsel whether Defendants will comply. If Defendants will not comply, Plaintiff shall file a Motion to Compel Defendants' Response to Plaintiff's Fourth Request for Production of Documents. The court will hear such motion to compel on August 22, 2005. At that time the court will consider the requests contained in the Fourth Request provided the number of individual requests is not excessive.

If necessary, Plaintiff may file her motion to compel and Defendants may file their objection to that motion at the time of the hearing on August 22, 2005. The court authorizes this unusual procedure because of the imminent close of discovery.

ENTER:

David L. Martin
United States Magistrate Judge
August 4, 2005

BY ORDER:

Deputy Clerk