**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SIMONNE T. TASSONE, Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. NO. 03-481ML** |
| | : | |
| **PROVIDENCE SCHOOL BOARD** | : | |
| **AND THE CITY OF PROVIDENCE,** | : | |
| **Stephen Napolitano, Defendants** | : | |

# MOTION TO COMPEL PRODUCTION OF DOCUMENTS

On 9 August 2005, Defendants made a request for production of documents. After more than one written reminder/request, the Plaintiff responded with medical documents, some on 31 October 2005, and additional ones on 2 November 2005. On 4 January 2006, the Plaintiff's deposition was concluded. At the start of the deposition itself, the Plaintiff produced a small number of additional documents. At no point has Plaintiff produced a formal response to the Defendants' request for documents, in which she articulates by number, how each document provided is responsive to each numbered request.

During her deposition of 4 January 2006, the Plaintiff confirmed the existence of additional documents, not produced, of relevance to the instant action. Defense counsel sent counsel for Plaintiff a letter, attached hereto as Exhibit A,[1] and a copy of the instant motion, attached hereto as Exhibit B, requesting these additional documents. Plaintiff's response is attached hereto as Exhibit C.

Defendant makes two requests now: First, defendants request that Plaintiff provide a formal response, by way of written summary, showing how each document produced to date,

[1] The letter is incorrectly dated 1 January 2006. Defense counsel sent the letter to Attorney Andrews on 6 January 2006, two days after completing the deposition of Ms. Tassone on 4 January 2006.

including those produced on 31 October 2005, 2 November 2005, and 4 January 2006, correlate with each particular numerical request set forth in the request served on 9 August 2005. *Plaintiff has agreed to do so by no later than Wednesday, 25 January 2006.*

Second, defendants request the following documents in a formal response. Those set forth under Part A below should have been produced pursuant to Federal Rule of Civil Procedure Rule 26 and in response to the Defendants' Request for Production served on 9 August 2005. Those set forth under Part B below are additional requests growing out of Plaintiff's disclosures during her deposition of 4 January 2006. Defendants requested that Plaintiff be ordered to produce such documents by a date certain, but no later than 31 January 2006, so that defense counsel can timely review such documents prior to filing of defendants' motion for summary judgment on 3 February 2006.

Part A (covered by Request for Production, served 9 August 2005, Request No. 2):

(1) All documents and records relating to or reflecting the neck injury described by Ms. Tassone as occurring in or about December 1986, including but not limited to hospital records reflecting surgery on her neck in or about 1987. *Plaintiff has agreed to produce but cannot do so with certainty by 31 January.*

(2) All documents and records relating to or reflecting the gastrointestinal surgery that Ms. Tassone underwent in or about January 2000. *Plaintiff has agreed to produce but cannot do so with certainty by 31 January.*

(3) All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by the "Problem Patient Clinic" with a "Dr. Novack" (reflected in note by Dr. Levin of 1 November 1994). *Plaintiff has agreed to produce but cannot do so with certainty by 31 January.*

(4) All documents and records relating to or reflecting Ms. Tassone's treatment with or evaluation by a "Dr. DiSanto" (reflected in report by Dr. Levin of 14 July 1989). *Plaintiff has agreed to produce but cannot do so with certainty by 31 January.*

(5) All documents and records relating to or reflecting Ms. Tassone's neurosurgical evaluation by a "Dr. Knucky" at Rhode Island Hospital (reflected in report by Dr.

Levin of 14 July 1989). *Plaintiff has agreed to produce but cannot do so with certainty by 31 January.*

(6) All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by a "Dr. Gibbons" (reflected in note by Dr. Levin of 18 April 1990) *Plaintiff has agreed to produce but cannot do so with certainty by 31 January.*

(7) All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by a "Dr. Ackelman." *Plaintiff may agree to produce but cannot do so with certainty by 31 January.*

Part B (relevant to Plaintiff's request for damages, covered by Request No. 9)

(8) All documents and records relating to or reflecting treatment for any mental or emotional health issue that has affected Ms. Tassone or her family from 1987 to the present, including but not limited to records of treatment by Lynne Reynolds at Rhode Island Hospital Child and Family Psychiatric Services of the Tassone family or Ms. Tassone individually, and any records relating to or reflecting treatment of Ms. Tassone after the death of her eldest daughter, and/or the diagnosis or treatment of her other daughters for mental health and substance abuse problems. *Plaintiff objects for reasons set forth in Exhibit B.*

(9) All documents and records relating to or reflecting legal proceedings by Ms. Tassone against her spouse from about 1987 to the present, including but not limited to restraining order(s), divorce filings, and/or contempt hearings. *Plaintiff objects for reasons set forth in Exhibit B.*

(10) All documents and records relating to or reflecting intervention by the state Department of Children, Youth and Families in the Tassone family, specifically reports by Ms.Tassone to DCYF of abuse by her spouse on one or more of her daughters. *Plaintiff objects for reasons set forth in Exhibit B.*

(11) All documents and records relating to or reflecting treatment with or evaluation by medical providers, including hospitals, for alleged abuse by Ms. Tassone's spouse on Ms. Tassone or one or more of her daughters. *Plaintiff objects for reasons set forth in Exhibit B.*

Defense counsel submitted the above request to Plaintiff's counsel on 9 January 2006. Plaintiff's counsel initially indicated, via electronic mail, that she would object to some requests and respond to others; on 18 January, she provided to counsel the letter attached hereto as Exhibit B. Defense counsel must preserve her ability to review such information prior to the

deadline of 3 February, 2006 for filing dispositive motions, and thus seeks a hearing date at the Court's earliest convenience to insure timely production of outstanding discovery promised, and to present argument on the Motion to Compel Production of those records to which the Plaintiff objects.

Respectfully submitted,

PROVIDENCE SCHOOL BOARD AND CITY OF PROVIDENCE

By their Attorney,
JOSEPH M. FERNANDEZ
CITY SOLICITOR

Sara A. Rapport (No. 6614).
Senior Assistant City Solicitor
City of Providence Law Department
275 Westminster Street
Providence, RI 02903
(401) 421-7740 Ext. 333
Fax (401) 351-7596

**CERTIFICATION**

I hereby certify that on this 19th day of January 2006, I mailed a copy via first-class mail, and sent via electronic mail as an attachment, the foregoing document to opposing counsel: Patricia E. Andrews, Esq., 170 Westminster Street, Suite 601, Providence, RI 02903.

# EXHIBIT A

JOSEPH M. FERNANDEZ
City Solicitor

DAVID N. CICILLINE
Mayor

# Department of Law

1 January 2006

Patricia Andrews, Esq.
Law Offices of Patricia E. Andrews
170 Westminster St., Suite 601
Providence, Rhode Island 02903

*Via First-Class Mail & Facsimile*

Re: Simonne Tassone

Dear Pat:

Please produce to me the following records in response to the defendants' request for production, the existence of which was confirmed/disclosed during Ms. Tassone's deposition on 4 January 2006:

(1) All documents and records relating to or reflecting the neck injury described by Ms. Tassone as occurring in or about December 1986, including but not limited to hospital records reflecting surgery on her neck in or about 1987.

(2) All documents and records relating to or reflecting the gastrointestinal surgery that Ms. Tassone underwent in or about January 2000.

(3) All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by the "Problem Patient Clinic" with a "Dr. Novack" (reflected in note by Dr. Levin of 1 November 1994).

(4) All documents and records relating to or reflecting Ms. Tassone's treatment with or evaluation by a "Dr. DiSanto" (reflected in report by Dr. Levin of 14 July 1989).

(5) All documents and records relating to or reflecting Ms. Tassone's neurosurgical evaluation by a "Dr. Knucky" at Rhode Island Hospital (reflected in report by Dr. Levin of 14 July 1989).

(6) All documents and records relating to or reflecting Ms. Tassone's treatement with and/or evaluation by a "Dr. Gibbons" (reflected in note by Dr. Levin of 18 April 1990).

(7) All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by a "Dr. Ackelman."

(8) All documents and records relating to or reflecting treatment for any mental or emotional health issue that has affected Ms. Tassone or her family from 1987 to the present, including but not limited to records of treatment by Lynne Reynolds at Rhode Island Hospital Child and Family Psychiatric Services of the Tassone family or Ms. Tassone individually, and any records relating to or reflecting treatment of

Ms. Tassone after the death of her eldest daughter, and/or the diagnosis or treatment of her other daughters for mental health and substance abuse problems.

(9) All documents and records relating to or reflecting legal proceedings by Ms. Tassone against her spouse from about 1987 to the present, including but not limited to restraining order(s), divorce filings, and/or contempt hearings.

(10) All documents and records relating to or reflecting intervention by the state Department of Children, Youth and Families in the Tassone family, specifically reports by Ms. Tassone to DCYF of abuse by her spouse on one or more of her daughters.

(11) All documents and records relating to or reflecting treatment with or evaluation by medical providers, including hospitals, for alleged abuse by Ms. Tassone's spouse on Ms. Tassone or one or more of her daughters.

In addition, the records of Ms. Tassone's treatment for gastrointestinal and rheumatoid/arthritic problems appear to be incomplete. For example, I have no records of the colon surgery of January 2000 (see no. 2 above), and only a few "Progress Notes" from 2005 reflecting her treatment with Dr. Bernard Zimmerman. Please provide me with complete documentation of these medical issues, as they affected Ms. Tassone from 1993 to the present.

Thank you for your immediate attention to this matter.

Sincerely yours,

Sara A. Rapport
Senior Assistant City Solicitor

# EXHIBIT B

FERNANDEZ
Solicitor

DAVID N. CICILLINE
Mayor

# Department of Law

9 January 2006

Patricia Andrews, Esq.
Law Offices of Patricia E. Andrews
170 Westminster St., Suite 601
Providence, Rhode Island 02903

*Via First-Class Mail & Facsimile*

Re: Simonne Tassone

Dear Pat:

Enclosed please find the Motion to Compel that I intend to file with the Court on Friday morning, January 13, 2006, if necessary.

Please advise me in writing by no later than 5 p.m. on Wednesday, January 11, whether you will agree to all or some of the requests presented and indicate for each the date by which you agree to provide the documents.

Thank you for your immediate attention to this matter.

Sincerely yours,

Sara A. Rapport
Senior Assistant City Solicitor

Enclosure

JOSEPH M. FERNANDEZ
City Solicitor

DAVID N. CICILLINE
Mayor

# Department of Law

9 January 2006

Patricia Andrews, Esq.
Law Offices of Patricia E. Andrews
170 Westminster St., Suite 601
Providence, Rhode Island 02903

*Via First-Class Mail & Facsimile*

Re: Simonne Tassone

Dear Pat:

I noticed in reviewing the draft Motion to Compel sent to you earlier today that I made a typographical error. To insure that such error does not lead to confusion, I am advising you of the correction, and redrafting the sentence, as follows: The sentence on page 1 of the draft Motion, beginning three lines from the bottom of the page, should read: "First, defendants request that Plaintiff provide a formal response, by way of written summary, showing how each document produced ***to date, including those produced on 31 October 2005, 2 November 2005, and 4 January 2006, correlate with each particular numerical request set forth in the request served on 9 August 2005.***"

I trust that this clarifies my request. Please feel free to call me with any questions. Thank you for your attention to this matter.

Sincerely yours,

Sara A. Rapport
Senior Assistant City Solicitor

# EXHIBIT C

*Law Office of*
**Patricia E. Andrews**
170 Westminster Street • Suite 601 • Providence, Rhode Island 02903
Tel. 401-421-0966 • Fax 401-351-4802
E-mail Addresses: PEAndrews@verizon.net & CIafratelaw@cox.net

*Admitted in RI and D.C.*

*Of Counsel*
Carly B. Iafrate
*Admitted in RI*

January 18, 2006

Sara A. Rapport, Esquire
Senior Assistant City Solicitor
City of Providence Law Department
275 Westminster Street
Providence, Rhode Island 02903

Re: *Tassone v. City of Providence*

Dear Sara:

I am in receipt of your draft motion to compel. I make the following preliminary points and then will respond to each request.[1]

First, I will provide a formal response to your request for production of documents. I will do so by next Wednesday. Second, as is discussed more fully below, I agree to produce all documents which are responsive to your original request. I agree to take immediate steps to obtain and produce them. However, as I told you, I cannot control when the health care providers will be able to send them to me.[2] Third, there are requests which I believe are not responsive to any of your original requests. With respect to that category – and again assuming your letter is a formal request – I believe that I have until at least February 6 to respond by either interposing an objection or producing documents. Thereafter, we have an obligation to work things out before you file a motion to compel.

---

[1]As I told you, I am taking the position that your "requests" do not constitute a formal request for production of documents. Without waiving that position, I will make that assumption for purposes of trying to work this out.

[2]In fact, since the deposition, I have obtained additional medical records. I am in the process of reviewing them to determine if they are responsive. To the extent they are, I will produce them by no later than next Wednesday.

I now respond to your individual requests under Part A. With respect to:

(1) Request 1, I believe this is not covered by Request No. 2.[3] Without waiving my objections, I am prepared to produce any documents by health care providers and hospitals relating to treatment for the neck injury to the extent they have not already been provided and to the extent I am able to obtain them. I will take immediate steps to do so.

(2) Request 2, I believe this is not covered by Request No. 2.[4] Without waiving any objections, I am prepared to produce any documents by health care providers and hospitals relating to any gastrointestinal surgery she underwent to the extent they have not already been provided. I will take immediate steps to do so.

(3) Request 3, I believe this is not covered by Request No. 2.[5] Without waiving any objections, I can state that I have questioned my client about this. She believes he may be a doctor with whom she once treated. I will attempt to obtain medical records and, if they are responsive to the first request, I will turn them over. I will take immediate steps to do so.

(4) Request 4, I believe this is not covered by Request No. 2.[6] Without waiving any objections, I can state that my client does not recall a "Dr. DiSanto." I note there is a doctor with that last name who is a neurosurgeon. I will attempt to determine if he treated my client and, if the documents are responsive to the first request, I will produce them. I will take immediate steps to do so.

(5) Request 5, I believe this is not covered by Request No. 2.[7] Without waiving any objections, I will attempt to obtain medical records and, if they are responsive, I will produce them. I will take immediate steps to do so.

(6) Request 6, I do not see a note dated April 18, 1990. Please fax to me and I will respond to your request.

---

[3]Among other things, I will object that the language "All documents and records relating to or reflecting the neck injury" is overly broad and ambiguous.

[4]Among other things, I will object that the request is overly broad and ambiguous.

[5]Among other things, I will object that the request is overly broad and ambiguous.

[6]Among other things, I will object that the request is overly broad and ambiguous.

[7]Among other things, I will object that the request is overly broad and ambiguous.

(7) Request 7, I believe this is not covered by Request No. 2.[8] Without waiving any objections, I will attempt to obtain medical records and, if they are responsive, I will produce them. I will take immediate steps to do so.

I will now respond to your requests under part B. First, I object to producing such documents because they are not responsive to any of your requests including number 9. Second, I object to producing documents for family members. Third, among other things, the requests are overly broad, burdensome, and irrelevant.

Please call me to discuss this matter further.

Very truly yours,

Patricia E. Andrews

[8] Among other things, I will object that the request is overly broad and ambiguous.