UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SCANNED

| | | |
|---|---|---|
| SIMONNE T. TASSONE, Plaintiff, | : | |
| v. | : | C. A. No. 03-481ML |
| PROVIDENCE SCHOOL BOARD, et al., Defendants. | : | |

PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff objects to the "Motion to Compel Production of Documents" (hereinafter "Motion to Compel") filed by defendants. Plaintiff attaches a memorandum in support.

Plaintiff,
By her attorney,

Patricia E. Andrews, #4321
170 Westminster Street
Suite 601
Providence, Rhode Island 02903
(401) 421-0966
(401) 351-4802 (fax)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of January, 2006 a copy of the foregoing was mailed to: Sara A. Rapport, Senior Assistant City Solicitor, City of Providence Law Department, 275 Westminster Street, Providence, Rhode Island 02903.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SIMONNE T. TASSONE,<br>Plaintiff, | : | |
| v. | : | C. A. No. 03-481ML |
| PROVIDENCE SCHOOL BOARD, et al.,<br>Defendants. | : | |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Plaintiff has filed an objection to defendants' motion to compel production of documents. Set out below is basis for the objection. In short, plaintiff contends that these are not covered by the only document request served by defendants on plaintiff. Rather, these are new requests for which defendant has not filed a formal or second request. Moreover, although defendant knew -- or should have known -- about these documents and issues since about the time the Complaint was served, it did not see fit to request them until long after discovery closed.[1]

**Request 1:**

All documents and records relating to or reflecting the neck injury described by Ms. Tassone as occurring in or about December 1986 including but not limited to hospital records reflecting surgery on her neck in or about 1987.

[1]To the extent plaintiff is relying on any documents, they have been produced pursuant to her obligations under Rule 26.

**Response:**

Plaintiff objects to this new request because defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to the neck injury to the extent not already produced.

**Request 2:**

All documents and records relating to or reflecting the gastrointestinal surgery that Ms. Tassone underwent in or about January 2000.

**Response:**

Plaintiff objects to this new request because defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to the gastrointestinal problem and surgery to the extent not already produced.

**Request 3:**

All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by the "Problem Patient Clinic" with a "Dr. Novack" (reflected in note by Dr. Levin of 1 November 1994).

**Response:**

Plaintiff objects to this new request because defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to such treatment so long as the treatment is for medical, as opposed to any other,

reason.

**Request 4:**

All documents and records relating to or reflecting Ms. Tassone's treatment with or evaluation by a "Dr. DiSanto" (reflected in report of Dr. Levin of 14 July 1989).

**Response:**

Plaintiff objects to this new request to the extent defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to such treatment so long as the treatment is for medical, as opposed to any other, reason.

**Request 5:**

All documents and records relating to or reflecting Ms. Tassone's neurosurgical evaluation by a "Dr. Knucky" at Rhode Island Hospital (reflected in report by Dr. Levin of 14 July 1989).

**Response:**

Plaintiff objects to this new request to the extent defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to such treatment so long as the treatment is for medical, as opposed to any other, reason.

**Request 6:**

All documents and records relating to or reflecting Ms. Tassone's treatment with and/or

evaluation by a "Dr. Gibbons") reflected in note by Dr. Levin of 18 April 1990).

**Response:**

Plaintiff objects to this new request to the extent defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to such treatment so long as the treatment is for medical, as opposed to any other, reason.

**Request 7:**

All documents and records relating to or reflecting Ms. Tassone's treatment with and/or evaluation by a "Dr. Ackelman."

**Response:**

Plaintiff objects to this new request to the extent defendant has not complied with the relevant rules of civil procedure, the request is overly broad and ambiguous, and imposes an unreasonable deadline. Without waiving these objections, plaintiff agrees to produce all medical records which relate to such treatment so long as the treatment is for medical, as opposed to any other, reason.

**Request 8:**

All documents and records relating to or reflecting treatment for any mental or emotional health issue that has affected Ms. Tassone or her family from 1987 to the present, including but not limited to records of treatment by Lynne Reynolds at Rhode Island Hospital Child and Family Psychiatric Services of the Tassone family or Ms. Tassone individually and any records relating to or reflecting treatment of Ms. Tassone after the death of her eldest daughter, and/or the

diagnosis or treatment of her other daughters for mental health and substance abuse problems.

**Response:**

Plaintiff objects to producing such documents because they are not responsive to any of defendants' requests including number 9, because the requests relate to family members, the requests are overly broad, burdensome, and irrelevant, and because the requests to not comply with the rules of civil procedure.

**Request 9:**

All documents and records relating to or reflecting legal proceedings by Ms. Tassone against her spouse from about 1987 to the present, including but not limited to restraining orders, divorce filings, and/or contempt hearings.

**Response:**

Plaintiff objects to producing such documents because they are not responsive to any of defendants' requests including number 9, because the requests relate to family members, the requests are overly broad, burdensome, and irrelevant, and because the requests to not comply with the rules of civil procedure.

**Request 10:**

All documents and records relating to or reflecting intervention by the state Department of Children, Youth and Families in the Tassone family, specifically reports by Ms. Tassone to DCYF of abuse by her spouse on one or more of her daughters.

**Response:**

Plaintiff objects to producing such documents because they are not responsive to any of defendants' requests including number 9, because the requests relate to family members, the

requests are overly broad, burdensome, and irrelevant, and because the requests to not comply with the rules of civil procedure.

**Request 11:**

All documents and records relating to or reflecting treatment with or evaluation by medical providers, including hospitals, for alleged abuse by Ms. Tassone's spouse on Ms. Tassone or one or more of her daughters.

**Response:**

Plaintiff objects to producing such documents because they are not responsive to any of defendants' requests including number 9, because the requests relate to family members, the requests are overly broad, burdensome, and irrelevant, and because the requests to not comply with the rules of civil procedure.

Plaintiff,
By her attorney,

Patricia E. Andrews, #4321
170 Westminster Street
Suite 601
Providence, Rhode Island 02903
(401) 421-0966
(401) 351-4802 (fax)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of January, 2006 a copy of the foregoing was mailed to: Sara A. Rapport, Senior Assistant City Solicitor, City of Providence Law Department, 275 Westminster Street, Providence, Rhode Island 02903.