UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SIMONNE T. TASSONE, :
Plaintiff, :
:
v. : CA 03-481 ML
:
CITY OF PROVIDENCE, et al., :
Defendants. :

**ORDER**
**GRANTING IN PART**
**DEFENDANTS' MOTION TO COMPEL**

Before the court is Defendants' Motion to Compel Production of Documents (Document ("Doc.") #63) ("Motion to Compel" or "Motion"). A hearing on the Motion was held on February 17, 2006. At the hearing, Defendants' counsel advised the court that many of the disagreements which had prompted the Motion to Compel had been resolved and that only three of Defendants' requests remained in dispute. The court then heard argument regarding the three requests[1] stated below and made the rulings indicated:

**Request 8**: Granted to the extent that Plaintiff shall produce to Defendants within thirty days the records of her treatment by Lynne Reynolds at Rhode Island Hospital Child and Family Psychiatric Services for the period from September 1, 1993, to the present. If such records contain information which Plaintiff believes should not be disclosed, Plaintiff may file a motion for an in camera review of the records which contain such information.

**Request 9**: Granted to the extent that Plaintiff shall

[1] The three requests are reproduced in their entirety in the Memorandum in Support of Plaintiff's Objection to Defendants' Motion to Compel Production of Documents. This memorandum was filed in support of Plaintiff's Objection to Defendants' Motion to Compel Production of Documents (Doc. #64).

produce to Defendants within thirty days copies of all documents in her possession reflecting legal proceedings by Plaintiff against her spouse, including restraining orders, divorce filings, and/or contempt hearings.[2] As to such documents which are not in Plaintiff's possession, counsel for Defendants may submit an order to this court directing that copies of such records shall be released to Plaintiff's counsel, Attorney Patricia E. Andrews. Attorney Andrews after receiving such records shall produce them to counsel for Defendants. If such records contain information which Plaintiff believes should not be disclosed, Plaintiff may file a motion for an in camera review of the records which contain such information.

**Request 11**: Granted to the extent that Plaintiff shall within ten days make a reasonable search for any documents or records which would assist in refreshing her memory as to the identity of medical providers, other than Lynne Reynolds, who provided Plaintiff with treatment or evaluation in connection with the alleged abuse by Plaintiff's spouse. After Plaintiff has made such search, her counsel shall advise Defendants' counsel of the results and briefly describe the search made by Plaintiff (e.g., that Plaintiff reviewed old check registers or telephone/ address books and saw nothing that refreshed her memory; or that Plaintiff determined that she does not have any check registers or telephone/address books which date back to the time when she saw such medical providers). If the search

[2] Plaintiff is not required to produce documents in her possession which clearly would not be part of a court record. For example, if Plaintiff has documents belonging to her spouse and those documents include a letter from Mr. Tassone's attorney to Mr. Tassone (and there is no reason to believe that such letter is part of the record in a court proceeding), she does not have to produce it.

results in the identification of additional medical providers, Plaintiff shall produce the records from such medical providers within thirty days of today's date.

In all other respects, the Motion to Compel is denied. Plaintiff's objections to the Motion to Compel are overruled, including the objection that Defendants did not formally request the documents at issue prior to the close of discovery.[3]

So ordered.

ENTER:

DAVID L. MARTIN
United States Magistrate Judge
February 21, 2006

BY ORDER:

Deputy Clerk

[3] While Defendants' failure to request the documents prior to the close of discovery would in most cases be a valid reason for denying a motion to compel, Judge Lisi's Order of December 19, 2005 (Doc. #62), authorizes Defendants to conduct further discovery as to "issues raised at Plaintiff's deposition on January 4, 2006." Order of 12/19/05. Because the court accepts the representation of Defendants' counsel that the documents sought by the above three requests pertain to issues raised at Plaintiff's deposition, Plaintiff's procedural objection is overruled.